# IN THE COURT OF APPEALS OF IOWA

No. 23-1369
Filed July 24, 2024

**ZACHARY LIDDICK,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Mills County, Michael Hooper, Judge.

Zachary Liddick appeals the denial of his application for postconviction relief. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Brenna Bird, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee State.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Zachary Liddick appeals the denial of his application for postconviction relief (PCR), which claimed he received ineffective assistance from his trial counsel and counsel in his first PCR action. Because we find that Liddick failed to establish either of his counsel were ineffective, we affirm the denial of his PCR application.

## I.    *Background Facts and Proceedings.*

"Liddick was seventeen years old when he exchanged words with a sixteen-year-old stranger and then approached the stranger and shot him in the abdomen." *State v. Liddick*, No. 21-0680, 2021 WL 5458506, at *1 (Iowa Ct. App. Nov. 23, 2021). He pled guilty to attempted murder, and the district court accepted the plea and sentenced him. Liddick appealed his sentence, arguing the court erred in applying the appropriate juvenile sentencing factors. *See State v. Lyle*, 854 N.W.2d 378, 404 n.10 (Iowa 2014) (requiring the court to consider certain factors before imposing mandatory minimum sentencing scheme on juvenile offenders). We affirmed Liddick's sentence in part on direct appeal, vacating only the portion imposing a fine. *Liddick*, 2021 WL 5458506, at *4.

In 2022, Liddick applied for PCR, but his application was dismissed. He applied for PCR again in 2023, and after trial, the PCR court denied his application. On appeal, Liddick asserts that he received ineffective assistance from both his sentencing counsel and first PCR counsel.

## II.    *Review.*

We generally review PCR proceedings for correction of errors at law. *See Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But because

ineffective-assistance-of-counsel claims implicate constitutional issues, our review is de novo.[1]  *See Goode v. State*, 920 N.W.2d 520, 523–24 (Iowa 2018).

### III.    Discussion.

To succeed on a claim of ineffective assistance of counsel, Liddick must show (1) his counsel breached an essential duty and (2) such failure prejudiced him.  *Lado*, 804 N.W.2d at 251.  For the first prong, "[w]e begin with the presumption that the attorney performed competently."  *State v. Ledezma*, 626 N.W.2d 134, 142 (Iowa 2001).  To overcome this presumption, Liddick must prove "counsel's representation falls below the objective standard of reasonableness."  *Lado*, 804 N.W.2d at 251 (cleaned up) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)).  For the second prong, he "must prove 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Id.* (quoting *Strickland*, 466 U.S. at 694).  If Liddick cannot establish either element, his claim must fail.  *Id.*

*A. Alleged Ineffective Assistance of Trial Counsel.*

Liddick contends his trial counsel was ineffective for both failing to file a motion for reconsideration of sentence and not advising him of his right to file such motion.  *See* Iowa Code § 902.4 (2019) (allowing the court to reconsider a felon's sentence).  But Liddick was convicted of attempt to commit murder, a class "B" felony, which is *expressly excluded* from the statute.  *See id.* §§ 707.11(2) (designating attempt to commit murder as a class "B" felony), 902.4 (restricting

---

[1] Liddick raises ineffective-assistance claims against both his trial counsel and first PCR counsel.  While there is a statutory, not a constitutional, right to effective counsel for postconviction proceedings, we still apply a de novo review.  *See Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

reconsideration to those "convicted of a felony, other than a class 'A' or class 'B' felony"). There is no basis under which Liddick's trial counsel could move for reconsideration or advise Liddick to file a futile motion. We do not require trial counsel to "raise an issue that lacks merit." *State v. Doolin*, 942 N.W.2d 500, 507 (Iowa 2020) (quoting *State v. Ortiz*, 905 N.W.2d 174, 184 (Iowa 2017)). And even if Liddick was afforded reconsideration, he cannot establish a reasonable probability that the outcome would have changed. *See Lado*, 804 N.W.2d at 251. Liddick loosely claims that he "would have prevailed on such a motion because of his youthful age, intellectual disability, and his resultant inability to understand situations." But we already determined on direct appeal that the sentencing court properly considered such factors when imposing Liddick's mandatory minimum sentence. *Liddick*, 2021 WL 5458506, at *3. Liddick provides no additional facts or considerations not presented at the time of this decision. We therefore find his trial counsel was not ineffective.[2]

*B. Alleged Ineffective Assistance of PCR Counsel.*

Liddick also contends that his first PCR counsel was ineffective for several reasons: (1) failing to resist the State's motion to dismiss; (2) failing to obtain trial counsel's file and communicate with her regarding Liddick's case; (3) failing to require Liddick's presence at the dismissal hearing; (4) failing to require reporting of the dismissal hearing; and (5) failing to file a notice of appeal. While Liddick

---

[2] Liddick likewise claims his PCR counsel was ineffective for not raising his trial counsel's failure to move for reconsideration. Because we have already determined that Liddick's trial counsel was not ineffective on this matter, we similarly find that his PCR counsel was not ineffective for failing to raise this meritless issue. *See Doolin*, 942 N.W.2d at 507.

generally claims that these alleged failures constitute "structural error," *see State v. Feregrino*, 756 N.W.2d 700, 707 (Iowa 2008) (presuming prejudice prong of ineffective-assistance claims when there is a structural defect), we disagree. Liddick was neither outright denied counsel nor did his counsel concede to the State's case. *See id.* Instead, he argues his counsel's alleged errors fit a third category: when the "surrounding circumstances justify a presumption of ineffectiveness." *See id.* When this error occurs, it "renders the entire postconviction relief proceeding 'presumptively unreliable.'" *Lado*, 804 N.W.2d at 253 (citation omitted). We have recognized two circumstances in which such presumption was warranted: "actually-conflicted representation of co-defendants and an appointment to represent a capital defendant in an unfamiliar jurisdiction with no preparation." *Wright v. State*, No. 23-0101, 2024 WL 3050514, at *2 (Iowa Ct. App. June 19, 2024). Neither situation is applicable to Liddick's circumstances. Accordingly, we cannot presume Liddick was prejudiced by any alleged error.

We also do not find that Liddick successfully established prejudice. *See Lado*, 804 N.W.2d at 251 (placing the burden on the applicant). While Liddick challenges his counsel's ineffectiveness on five grounds, each of these contentions rely on the reasonable probability of his PCR dismissal being overturned. He cites the PCR court's reliance on the denial of his further review application, which he argues was not properly in the record, as the basis for which his first PCR "would have been reversed on appeal had there been one." But whether there was further review of his direct appeal is not material to any issue on PCR. Liddick's first PCR counsel testified that he knew the PCR application would be unsuccessful from the beginning, advising Liddick "he would lose, [the

application] would be dismissed." But nothing deterred Liddick from continuing with his preferred strategy. Liddick's PCR counsel also could not have disputed the record before it, which included both Liddick's failed direct appeal and the procedendo. *See* Iowa Code § 822.6A ("automatically" including the underlying trial record as part of the PCR application). In dismissing the PCR action, the court noted that Liddick "cannot relitigate in this matter issues decided adversely to him on direct appeal." We agree and therefore need not consider whether his counsel breached any duty on this issue. *See Ledezma*, 626 N.W.2d at 142 ("If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently.").

## IV. *Disposition.*

Because Liddick failed to establish the ineffective assistance of either his trial or PCR counsel, we affirm the denial of his PCR application.

**AFFIRMED.**